Jeremy J. BAKER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–02–00453–CR, 04–02–00454–CR, 04–02–00455–CR.

Court of Appeals of Texas, San Antonio.

April 2, 2003.

---

From the 175th Judicial District Court, Bexar County, Texas, Pat Priest, Judge.[1]

Suzanne M. Kramer, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PAUL W. GREEN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

In a single proceeding based upon three separate indictments, defendant Jeremy Baker pled guilty, without a plea recommendation, to sexual assault, aggravated sexual assault, and burglary of a habitation with intent to commit sexual assault. The trial court assessed punishment at confinement for twenty years, forty-five years, and forty-five years, respectively. The trial court ordered that the sentence in the sexual assault conviction run consecutive to that in the aggravated assault conviction, and the sentence in the burglary of a habitation conviction run consecutive to the two assault convictions. In his sole issue on appeal, defendant asserts the trial court erred in cumulating his sentences, and asks that the judgment be reformed so that all sentences run concurrently. The State concedes the trial court erred in stacking the burglary of a habitation sentence onto the two assault sentences, but asserts the case should be remanded for a new sentencing hearing. Because the trial court erred in stacking the sentences, we reform the judgments to delete the cumulation order and affirm as reformed.

## DISCUSSION

The trial court's general authority under Texas Code of Criminal Procedure article 42.08 to order consecutive sentences is statutorily limited by Texas Penal Code section 3.03. *See LaPorte v. State*, 840 S.W.2d 412, 415 (Tex.Crim.App.1992); *see also* TEX.CODE.CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2003). Section 3.03 provides as follows: "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as

1. The Honorable Pat Priest presided over the plea and punishment phase proceedings and signed the judgments in these cases.

provided by Subsection (b), the sentences shall run concurrently." TEX. PEN.CODE ANN. § 3.03(a) (Vernon Supp.2002). None of the exceptions listed in subsection (b) apply here. The Penal Code defines "same criminal episode" as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances: (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or (2) the offenses are the repeated commission of the same or similar offenses." *Id.* § 3.01 (Vernon 1994). The Texas Legislature intended a "single criminal action" to refer to a single trial or plea proceeding. *LaPorte,* 840 S.W.2d at 415; TEX.CODE CRIM. P. art. 42.08(a); TEX. PEN.CODE ANN. § 3.03(a). As such, a defendant is prosecuted in a "single criminal action" when allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *LaPorte,* 840 S.W.2d at 415.

■ Here, each of the three offenses involved a different victim. However, section 3.03 expressly provides that the defendant can direct the harm toward or inflict harm upon more than one person. TEX. PEN.CODE ANN. § 3.01. The issue here is whether two or all three of these offenses constitute the "same criminal episode" as defined in Penal Code section 3.01.[2] The aggravated sexual assault occurred on September 29, 1999 at approximately 5:30 a.m. near the victim's house on Hope's

Ferry. The sexual assault occurred almost ten months later on July 22, 2000 in the early morning hours inside the victim's house on Hope's Ferry. The burglary of a habitation with intent to commit sexual assault occurred a month later on August 29, 2000 at approximately 3:00 a.m. inside the victim's house at the corner of Provision and Hope's Ferry.

Each offense was directed at a woman living on or near Hope's Ferry, occurred in or near her home while she was alone, and took place in the early morning hours. This evidence establishes that the three offenses were a continuing course of sexual assault of women living near Hope's Ferry. *See Corwin v. State,* 870 S.W.2d 23, 27–29 (Tex.Crim.App.1993) ("In abducting, raping, and killing or attempting to kill five women in more or less the same way over the course of some thirteen years, interrupted only by a lengthy sojourn in the penitentiary, appellant can reasonably be said to have engaged in 'a regular mode or pattern of ... behavior.' "). In the alternative, because all three offenses entailed sexual assault or attempted sexual assault, they are similar offenses. *See Hernandez v. State,* 938 S.W.2d 503, 508–09 (Tex.App.-Waco 1997, pet. ref'd) (April 16 cocaine sale and September 22 marijuana sale merely repetitious commissions of same offense); *see also Guidry v. State,* 909 S.W.2d 584, 585 (Tex.App.-Corpus Christi 1995, pet. ref'd) (section 3.01(2) does not impose a time differential between the commission of same or similar offenses).

Because the State chose to try the cases together, the trial court's stacking order was improper.[3] We reform the judgments

**2.** The parties do not dispute that the trial court conducted one plea proceeding for all three offenses at the same time; thus, the "single criminal action" requirement of section 3.03 is satisfied.

**3.** Whether multiple offenses are tried in a single criminal action is discretionary with the State. TEX. PEN.CODE ANN. § 3.02(a)(Vernon 1994). Chapter 3 of the Penal Code represents a trade-off. *LaPorte,* 840 S.W.2d at 414. The State is able to clear case dockets

to delete the cumulation orders. The judgments as reformed are affirmed.

**Ex parte Bobby Ladell SCHOOLCRAFT.**

No. 04–02–00900–CR.

Court of Appeals of Texas, San Antonio.

April 9, 2003.

by trying more than one case in a single trial whenever multiple offenses arising from a single criminal episode are alleged against a single defendant. *Id.* A criminal defendant benefits by not being burdened with the possibility of consecutive sentences and a string of trials for offenses arising out of a single criminal episode. *Id.* To avoid the result of concurrent sentencing, the State need only proceed under sequential actions where each proceeding is conducted separately.

Gerald C. Moton, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

Bobby Ladell Schoolcraft, the defendant, was charged with driving while intoxicated ("DWI"). The indictment alleges defendant has been convicted of DWI on four previous occasions. *See* TEX. PEN.CODE ANN. § 49.09 (Vernon 2003) ("Enhanced Offenses and Penalties"). Defendant filed a pretrial petition for writ of habeas corpus, asserting that Texas Penal Code section 49.09(e) was unconstitutional and an illegal restraint on his liberty. The trial court denied the petition, and this appeal by defendant ensued. We affirm.

## PROCEDURAL BACKGROUND

The use of prior convictions to elevate the primary offense of DWI to a third degree felony is controlled by Penal Code section 49.09(e).[1] Here, the indictment al-

---

1. A conviction may not be used for purposes of enhancement if:
   (1) the conviction was a final conviction under Subsection (d);
   (2) the offense for which the person is being tried was committed more than 10 years after the latest of:
   (A) the date on which the judgment was entered for the previous conviction;
   (B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;
   (C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or
   (D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and
   (3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

leged four prior intoxication convictions, the following dates of which are: November 8, 1994; March 5, 1990; November 26, 1986; and February 14, 1986. After the indictment was issued, defendant filed a petition for writ of habeas corpus, alleging his constitutional rights are being violated by the State's attempt to use the November 8, 1994 conviction twice, once under section 49.09(e)(2) and again under section 49.09(e)(3). Initially, the trial court entered an order issuing the writ, but the writ was then referred to a magistrate. The magistrate conducted a hearing on defendant's petition, at which time defendant alleged the date of the November 8, 1994 conviction was incorrect, and instead, the conviction actually occurred on March 20, 1990, thus making this conviction too remote for purposes of section 49.09(e)(2).

## DISCUSSION

Tex. Pen.Code Ann. § 49.09(e) (Vernon 2003).