NOS. 12-03-00200-CR


 12-03-00201-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MARIO LACRAE ROGERS,
§
 APPEAL FROM THE 124TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS

 

MEMORANDUM OPINION


 Mario LaCrae Rogers ("Appellant") pleaded guilty to theft (habitual) and unauthorized use
of a vehicle and was sentenced to two years of confinement and 180 days of confinement,
respectively. The trial court ordered that the sentences run consecutively instead of concurrently.
In one issue, Appellant contends that the trial court erred in ordering that his sentences run
consecutively. We affirm.


Background


 On March 27, 2003, Appellant was indicted for theft of property with a value of less than
$1,500.00 for stealing sixteen packages of steaks from an Albertson's store in Longview on January
9, 2003 (No. 12-03-00200-CR). Appellant was also charged as a habitual offender because of two
previous theft convictions. On June 10, Appellant was charged by information with unauthorized
use of a vehicle that occurred on May 27 (No. 12-03-00201-CR).

 On June 23, during one plea hearing, Appellant pleaded guilty to both charges without a plea
bargain. During the hearing, the trial court asked Appellant, 

 Do you understand that the offenses having occurred on different dates, in particularly, there being
about five months or four months, or so, separation between them, this Court retains the authority to
order these sentences to be stacked one on top of the other if it so desires? You understand that I can
do that?



 The trial court then sentenced Appellant to two years of confinement on the theft charge and
180 days of confinement on the unauthorized use of a vehicle charge. The trial court also ordered
that the sentences run consecutively instead of concurrently. (1) Appellant's counsel objected to the
order, but his objection was overruled. On appeal, Appellant contends that the trial court erred when
it ordered that his sentences run consecutively instead of concurrently.


Did the Trial Court Err in Stacking the Sentences?

 Appellant contends that because "the punishment for the two state jail felonies occurred in
one criminal action . . . ," the trial court's order stacking his sentences is in direct contravention of
section 3.03 of the Texas Penal Code. A complaint about consecutive sentences is reviewed under
an abuse of discretion standard. Macri v. State, 12 S.W.3d 505, 511 (Tex. App.-San Antonio 1999,
pet. ref'd). The test for abuse of discretion is whether the trial court's action falls within the zone
of reasonable disagreement. Manning v. State, 114 S.W. 3d 922, 926 (Tex. Crim. App. 2003). 

 When a defendant has been convicted in two or more cases, the trial court has the discretion,
in the second and subsequent cases, to order that the sentences imposed run consecutively or
concurrently. Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon 2003). However, section 3.03 of
the Texas Penal Code limits this discretion and mandates that, with exceptions inapplicable to the
instant case, an accused's sentences shall run concurrently when he (or she) is found guilty of more
than one offense arising out of the same criminal episode that is prosecuted in a single criminal
action. Tex. Pen. Code Ann. § 3.03(a) (Vernon 2003); Baker v. State, 107 S.W.3d 671 (Tex. App.-
San Antonio 2003, no pet.). A "criminal episode" is defined as 


 the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted
upon more than one person or item of property, under the following circumstances:


 1) the offenses are committed pursuant to the same transaction or pursuant to two or more
transactions that are connected or constitute a common scheme or plan; or


 2) the offenses are the repeated commission of the same or similar offenses.



Tex. Pen. Code Ann. § 3.01 (Vernon 2003). A "single criminal action" refers to a single trial or
plea proceeding. LaPorte v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). The State
concedes that the two offenses were prosecuted in a single criminal action; however, it maintains that
the two offenses did not arise out of the same criminal episode. We agree.

 In order for Appellant to be entitled to concurrent sentences, he must establish that the
offenses arose out of the same criminal episode and that he was prosecuted in a single criminal
action. Duran v. State, 844 S.W.2d 745, 747 (Tex. Crim. App. 1992) (Baird, J., concurring). If he
fails to prove either, the sentences were properly cumulated. Id. In the instant case, Appellant has
not shown in his brief, nor did he prove at the plea hearing, that the theft of sixteen steaks and
driving a vehicle without the owner's consent were either "pursuant to the same transaction or
pursuant to two or more transactions that are connected or constitute a common scheme or plan" or
the "same or similar offenses." Tex. Pen. Code Ann. § 3.01 (Vernon 2003). Therefore, the trial
court did not err in exercising its discretion by ordering that Appellant's sentences run consecutively.


Conclusion

 Having overruled Appellant's sole issue, the judgment of the trial court is affirmed. 

 

 SAM GRIFFITH 

 Justice


Opinion delivered January 30, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





(DO NOT PUBLISH)
1. This procedure is also referred to as "stacking" the sentences.