NO. 12-03-00234-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



HUGO CHACON,
§
 APPEAL FROM THE 297TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 TARRANT COUNTY, TEXAS






MEMORANDUM OPINION


 Hugo Chacon ("Appellant") was convicted by a jury of four counts of aggravated sexual assault
of a child and was sentenced to thirty years of imprisonment on each count. The trial court then ordered
that 1) the sentences in counts one and four run concurrently, 2) the sentences in counts two and three
run concurrently, and 3) the two consolidated sentences run consecutively. On appeal, Appellant
contends that the trial court erroneously cumulated the two sentences. We affirm.


Background

 On June 6, 2002, Appellant was indicted on four counts of aggravated sexual assault of N.C., a
child. The indictment alleged that each act occurred on or about March 18, 2002. At trial, Dr. Jayme
Coffman, the physician who evaluated N.C. for possible sexual abuse, testified that N.C. told one of the
examining nurses that Appellant began sexually abusing her when she was eight years old. N.C. was
born on December 18, 1989; therefore, the abuse began on or after December 18, 1997. On appeal,
Appellant argues that the trial court's cumulation of sentences order violates the ex post facto provisions
of the United States and Texas Constitutions because the abuse of N.C. began before the Texas
Legislature enacted the penal code provision that granted the trial court discretion to cumulate sentences. 

Analysis

 When a defendant has been convicted in two or more cases, the trial court has the discretion, in
the second and subsequent cases, to order that the sentences imposed run consecutively or concurrently. 
Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon 2003). However, section 3.03 of the Texas Penal Code
limits this discretion and mandates that sentences shall run concurrently when an accused is found guilty
of more than one offense arising out of the same criminal episode that is prosecuted in a single criminal
action. Tex. Pen. Code Ann. § 3.03(a) (Vernon 2003); Baker v. State, 107 S.W.3d 671, 672 (Tex.
App.- San Antonio 2003, no pet.). Section 3.03 also permits the trial court, in its discretion, to order
the sentences to run consecutively if each sentence is for a conviction of aggravated sexual assault
committed against a victim younger than seventeen years of age at the time of the commission of the
offense. Tex. Pen. Code Ann. § 3.03(b)(2)(A) (Vernon 2003). The legislature conferred this discretion
on the trial court effective September 1, 1997. See Act of May 31, 1997, S.B. 381, § 2, 75th Leg., R.S.,
1997 Tex. Sess. Law Serv. 667 (Vernon). 

 Appellant contends that the trial court erred in stacking his sentences because the sexual assaults
of N.C. began when N.C. was eight years old, which, according to Appellant, was in October of 1996. 
Therefore, Appellant argues, the cumulation order violates the ex post facto provisions of the United
States and Texas constitutions. 

 Such an argument could possibly be meritorious if the sexual assaults began before the legislature
amended section 3.03 of the Texas Penal Code; however, Appellant has miscalculated N.C.'s eighth
birthday. N.C. was born on December 18, 1989, and turned eight on December 18, 1997. Thus, N.C.'s
birthday is approximately three-and-one-half months after the effective date of the amendments to
section 3.03. Accordingly, the trial court had the discretion to cumulate Appellant's sentences. 
Appellant's sole issue is overruled.

Conclusion

 The trial court properly exercised its discretion in stacking Appellant's sentences; therefore, the
judgment of the trial court is affirmed.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered February 27, 2004.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.


(DO NOT PUBLISH)