

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NOS. 02-10-00047-CR
### 02-10-00048-CR
### 02-10-00049-CR


FRANCISCO VALDEZ MENDOZA                                    APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Francisco Valdez Mendoza appeals his convictions for four counts of aggravated sexual assault of a child and one count of indecency with a child-sexual contact in Cause No. 1138470D, two counts of aggravated

---

[1]*See* Tex. R. App. P. 47.4.

kidnapping in Cause No. 1138471D, and one count of burglary of a habitation with intent to commit the felony of aggravated sexual assault in Cause No. 1148082D. In two issues, Mendoza argues that the trial court abused its discretion by stacking the sentences and that the trial court erred by not granting a mistrial for the State's improper closing arguments. We will modify the judgment of conviction for indecency with a child-sexual contact in Cause No. 1138470D to correct a clerical error, modify all of the judgments to delete the cumulation order, and affirm as modified.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On the night of April 13, 2008, thirteen-year-old J.R. was asleep on the couch in her family's house when she was awakened by Mendoza. J.R. recognized Mendoza because she had seen him at the neighbors' house before. Mendoza picked up J.R. and carried her outside to a nearby alley. J.R. tried to scream, but Mendoza covered her mouth and told her to be quiet. Mendoza showed J.R. a knife and told her that he would kill her if she was not quiet. Mendoza ripped off J.R.'s clothes and sexually assaulted her. He put his fingers and his penis in her female sexual organ and anus, put his mouth to her female sexual organ, made her touch his penis with her hand, and ejaculated into her hand.

When Mendoza became distracted by a car parked in the alley, J.R. stood up, grabbed her pants and the knife, and ran towards her house. As she was running away, Mendoza asked her why she was running and yelled, "When are

2

we going to meet again?" J.R. woke up her mother, who called 911, and an ambulance took J.R. to the hospital. An exam of J.R. revealed trauma to her female sexual organ, consisting of bruising, a tear to her hymen, and redness, and revealed a puncture wound to the area between her vaginal opening and her anus.

About one month later, on May 17, 2008, J.R. woke up and noticed that her bedroom window was open and that the window air-conditioning unit was missing. She walked to her parents' room and noticed someone standing in the hallway. She told her parents, and they searched the house. J.R. walked past the bathroom and saw Mendoza standing inside holding a knife. He tried to grab her legs, and her parents surrounded him while J.R. called 911. DNA taken from Mendoza matched DNA recovered during J.R.'s rape exam.

Mendoza was charged with multiple counts in three separate indictments. The indictments in Cause Nos. 1138470D and 1138471D charged Mendoza with offenses relating to the events that occurred on April 13, 2008, and the indictment in Cause No. 1148082D charged him with burglary of a habitation with intent to commit the felony of aggravated sexual assault relating to the incident that occurred on May 17, 2008. The State filed written notice of its intent to consolidate, and all of the charged offenses were prosecuted in a single criminal action.

In Cause No. 1138470D, a jury found Mendoza guilty of four counts of aggravated sexual assault of a child and one count of indecency with a child-

3

sexual contact and assessed his punishment at twenty-five years' imprisonment for each of the sexual assault counts and at twenty years' imprisonment for the indecency count. In Cause No. 1138471D, the jury found Mendoza not guilty of two counts of aggravated kidnapping, found him guilty of the remaining three counts of aggravated kidnapping, and assessed his punishment at twenty years' imprisonment for each of those three counts. In Cause No. 1148082D, the jury found Mendoza guilty of burglary of a habitation with intent to commit the felony of aggravated sexual assault and assessed his punishment at twenty-five years' imprisonment. The trial court sentenced him accordingly and ordered all of the sentences in Cause No. 1138470D (for aggravated sexual assault of a child and indecency with a child) and in Cause No. 1138471D (for aggravated kidnapping) to run concurrently with each other but to run consecutively with the twenty-five-year sentence in Cause No. 1148082D (for burglary).[2]

### III. CLERICAL ERROR IN JUDGMENT

Our review of the record has revealed an error in the judgment of conviction for indecency with a child-sexual contact in Cause No. 1138470D. Count seven of the indictment alleged that Mendoza committed indecency with a child-sexual contact, the jury convicted him of that offense and sentenced him to twenty years' confinement for that conviction, and the trial court orally

---

[2]In other words, the trial court stacked the sentences in Cause No. 1138470D and in Cause No. 1138471D onto the sentence in Cause No. 1148082D.

4

pronounced the jury's sentence at trial. However, the judgment for this conviction incorrectly identifies the offense as aggravated sexual assault of a child, rather than indecency with a child-sexual contact. This error was not raised by either party at the trial level or on appeal.

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b) (providing that appellate courts may modify judgments and affirm as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). When a judgment and sentence improperly reflect the findings of the jury, the proper remedy is reformation of the judgment. *Aguirre v. State*, 732 S.W.2d 320, 327 (Tex. Crim. App. [Panel Op.] 1982). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry*, 813 S.W.2d at 529–30.

Because the record establishes that the written judgment of conviction for count seven in Cause No. 1138470D contains a clerical error misstating the offense for which Mendoza was convicted, we modify the judgment to correct that error and to show that Mendoza was convicted of indecency with a child-sexual contact. *See* Tex. R. App. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *see also Asberry*, 813 S.W.2d at 529–30 (correcting written judgment to include the jury's affirmative deadly weapon finding); *Lipsey v. State*, No. 05-07-00005-CR,

5

2007 WL 1978321, at *2 (Tex. App.—Dallas July 10, 2007, no pet.) (not designated for publication) (correcting written judgment that mislabelled offense for which defendant was convicted as indecency with a child when record reflected that he was actually convicted of aggravated sexual assault of a child).

## IV. THE STACKING ORDER

In his first issue, Mendoza argues that the trial court abused its discretion by ordering that his sentences run consecutively. Mendoza concedes that article 42.08 of the code of criminal procedure allows for stacking of sentences, but he argues that the trial court abused its discretion by stacking the sentences because he elected to have the jury assess his punishment and the stacking order "nullifies the decision of the jury." He also argues that the stacking order constitutes cruel and unusual punishment under the United States and Texas constitutions. The State argues that no abuse of discretion occurred because penal code section 3.03 authorized cumulative sentencing for Mendoza's multiple aggravated sexual assault of a child convictions and that Mendoza waived his constitutional argument.

### A. Law on Cumulative Sentencing

We review the trial court's decision to stack or cumulate sentences for an abuse of discretion. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2010); *Smith v. State*, 575 S.W.2d 41, 41 (Tex. Crim. App. [Panel Op.] 1979); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). So long as the law allows the imposition of cumulative sentences, the

6

trial judge has absolute discretion to stack sentences. *Nicholas*, 56 S.W.3d at 765.

Under article 42.08 of the code of criminal procedure, the trial judge has discretion to cumulate the sentences for two or more convictions. Tex. Code Crim. Proc. Ann. art. 42.08(a). Article 42.08 provides that when a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence in the second conviction to either (1) begin to run after the judgment and sentence imposed in the preceding conviction ceased to operate, or (2) run concurrently with the judgment and sentence imposed in the preceding conviction. *Id.*

The trial court's general authority under article 42.08 to order consecutive sentences is statutorily limited by penal code section 3.03 when a defendant is found guilty of more than one offense arising out of the "same criminal episode" and prosecuted in a single criminal action. Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2010); *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). "[C]riminal episode" is defined as

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

7

Tex. Penal Code Ann. § 3.01 (Vernon 2003).

When the convictions arise out of the same criminal episode and the cases are tried together, subsection (a) of section 3.03 requires that the sentences shall run concurrently except as provided by subsection (b). *Id.* § 3.03. Subsection (b) provides the trial court with discretion to cumulate or stack the sentences "if each sentence is for a conviction of" certain offenses, including aggravated sexual assault of a child and indecency with a child. *See id.* § 3.03(b).

## B. Same Criminal Episode[3]

In this case, all of the offenses were prosecuted in a single criminal action. Thus, penal code section 3.03 applied to limit the trial court's discretion to stack Mendoza's sentences if the offenses he committed on April 13, 2008 (the aggravated kidnapping, aggravated sexual assault of a child, and indecency with

---

[3]Mendoza does not specifically argue on appeal that the trial court abused its discretion by stacking the sentences based on the "same criminal episode" provisions of section 3.03 (in fact, he contends in his procedural history that the offenses are from "two separate but similar alleged criminal episodes"). But his first issue is that the trial court abused its discretion by stacking the sentences, and he cites to section 3.03 within his argument. Because we are to liberally construe briefs and because a trial court abuses its discretion by stacking sentences when the law does not allow for it, we will address this issue as a "subsidiary question that is fairly included" within Mendoza's first issue. Tex. R. App. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *see* Tex. R. App. P. 38.9 (requiring courts to liberally construe briefs for substantial compliance with rules); *see also LaPorte*, 840 S.W.2d at 415 ("An improper cumulation order is, in essence, a void sentence, and such error cannot be waived.").

a child offenses) and the offense he committed one month later on May 17, 2008 (the burglary offense) were part of the same criminal episode.[4]

The offenses committed by Mendoza stemmed from two separate incidents involving the same victim and committed within one month of each other by entering that victim's house while carrying a knife and while the victim was sleeping. In *Baker v. State*, the San Antonio Court of Appeals held that the offenses of aggravated sexual assault, sexual assault occurring ten months later, and burglary of a habitation with intent to commit sexual assault occurring a month after the second offense were all part of the same criminal episode. 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.). The court reasoned that the offenses were a continuing course of sexual assault on women living in the same area because each offense was directed at a woman living in or near that area, occurred in or near each woman's home while she was alone, and took place in the early morning hours; alternatively, the court reasoned that all three offenses were similar offenses under section 3.01. *Id.*

Here, like in *Baker*, Mendoza's burglary with intent to commit sexual assault was connected to and constituted a common scheme with the sexual assault offenses that he had committed one month earlier, and alternatively,

---

[4]The State treated the offenses as arising out of the same criminal episode at trial by filing notice of intent to consolidate pursuant to penal code section 3.03. On appeal, the State, in essence, assumes that the offenses are all part of the same criminal episode by relying on section 3.03 to show that the cumulation order did not constitute an abuse of discretion, but it does not present argument on this issue.

under the facts of this case, they were similar offenses. *See* Tex. Penal Code Ann. § 3.01; *Baker*, 107 S.W.3d at 673; *see also Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd) (explaining that section 3.01(2) does not impose a time differential between the commission of the same or similar offenses).

## C. Abuse of Discretion in Stacking Sentences

Having determined that section 3.03 applied in Mendoza's cases, we must determine whether the trial court's cumulation order is in compliance with that section. The sentence that the trial court chose to stack onto was for the burglary of a habitation with intent to commit aggravated sexual assault conviction; the court did not stack any of the sentences for the sexual offenses onto each other. Burglary is not one of the offenses for which stacking is provided under subsection (b); that is, it is not one of the offenses exempted from the concurrent-sentencing requirement of subsection (a). *See* Tex. Penal Code Ann. § 3.03. Therefore, the trial court abused its discretion by entering a cumulation order stacking the sentence for Mendoza's burglary conviction. *See id.*; *see also Yvanez v. State*, 991 S.W.2d 280, 282–83 (Tex. Crim. App. 1999) (explaining that trial court had discretion to stack sentences for any excepted offenses listed in section 3.03 but did not have discretion to stack sentences for offenses not encompassed in section 3.03).

We sustain Mendoza's first issue and reform the judgment to delete the cumulation order. *See LaPorte*, 840 S.W.2d at 415 ("An improper cumulation order is, in essence, a void sentence.").

### D. Waiver of Constitutional Arguments

Mendoza also argues that the trial court's stacking order constitutes cruel and unusual punishment under the United States and Texas constitutions, but he did not present this argument at trial. Consequently, he has not preserved this complaint for appeal. *See* Tex. R. App. P. 33.1; *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding cruel and unusual punishment argument under Texas constitution was waived when appellant failed to object at trial); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding cruel and unusual punishment argument under United States Constitution was waived when appellant never objected on those grounds at trial); *see also Nicholas*, 56 S.W.3d at 768 ("The constitutional right to be free from cruel and unusual punishment may be waived.").

### V. IMPROPER JURY ARGUMENT

Mendoza's complaint in his second issue involves the following arguments made by the State during its closing argument at the guilt-innocence stage of trial:

[The State]:  Do you know how many cases we have in Tarrant County or child cases where we have actual evidence of injuries, of rape like this?

Nearly zero.

[Defense counsel]:  Objection to the form of the argument.

THE COURT:  Sustained.

[The State]:  I don't have any cases like that.

[Defense counsel]:  Objection to the form of the argument, Your Honor.

THE COURT:  Sustained.

. . . .

[The State]:  . . . .  This is not my fault this case took four days.  This is not my fault we had to go through all the evidence with the witnesses.  This is not my fault we had to listen to all the 911 tapes and see those horrible pictures and embarrassing pictures [of] [J.R.]'s vagina and anal area.  This is not my fault.  This is his.

[Defense counsel]:  Objection.  There's no evidence of any anal trauma or pictures in evidence.

. . . .

THE COURT:  Overrule the objection.

[The State]:  Oh, yeah?  There's no evidence of anal trauma or vaginal trauma?  Here it is.
In all of their time, both Dr. Coffman, Donna Wright's boss, and Donna both told you they have never seen an injury like this before.

[Defense counsel]:  Objection.  There's been no testimony from Dr. Coffman nor was Dr. Coffman here.

THE COURT:  Sustained.

12

[The State]:  Donna Wright told you she had presented it to her medical director, and as a unit, they got together, and they've never seen this type of injury before.

[Defense counsel]:  Object to using this testimony as evidence.
THE COURT:  Sustained.

        . . . .

[The State]:  Notice this, because I'm sitting here trying to think what could have caused that puncture would.  What?  And it dawned on us.  A reasonable inference from the evidence.  Look at that knife.  Look at that thumb screw.

[Defense counsel]:  Objection, Your Honor.  There's been no testimony or evidence of that.

THE COURT:  Overruled.

[The State]:  I expected that.

[Defense counsel]:  Objection.  There's no testimony, Your Honor.

THE COURT:  Sustained.

Mendoza argues on appeal that the trial court erred by not granting a mistrial for the State's improper arguments during its closing argument. Mendoza "concedes that trial counsel did not object, did not ask for an instruction for the jury to disregard the inflammatory arguments, and did not move for a mistrial," but he argues that the "cumulative, repetitive effect" of the State's arguments was unconscionable.

## A.  No Adverse Ruling

The trial court sustained defense counsel's objections to five of the complained-of arguments.  However, defense counsel did not pursue an adverse

ruling; that is, after the court sustained her objections, defense counsel did not seek an instruction to disregard or request a mistrial.

To preserve error in prosecutorial argument, a defendant must pursue his objections to an adverse ruling. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); *see also* Tex. R. App. P. 33.1(a)(1). "The essential requirement is a timely, specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Even if the error was such that it could not be cured by an instruction to disregard, the defendant must object and request a mistrial to preserve the error. *Mathis*, 67 S.W.3d at 927.

Here, because Mendoza did not pursue adverse rulings on the majority of his objections, any error was not preserved. *See Archie*, 221 S.W.3d at 699; *Mathis*, 67 S.W.3d at 927.

### B. Proper Argument

The only objection for which defense counsel obtained an adverse ruling was her objection to the State's closing argument about "those horrible pictures and embarrassing pictures [of] [J.R.]'s . . . anal area." The trial court overruled her objection that there was no evidence or pictures of any anal trauma in evidence.

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or

14

(4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

Here, Donna Wright, the sexual assault nurse who had examined J.R., testified about a puncture wound to the area between J.R.'s vaginal opening and her anus that measured approximately 7 millimeters long. Wright explained that the wound would be painful and that she had never seen anything like it in her ten years as a sexual assault nurse. During Wright's testimony, the State introduced a digital photograph of the puncture wound to J.R.'s anal area. Thus, the State's argument was a proper summation of the evidence, and the trial court properly overruled defense counsel's objection. *See Felder*, 848 S.W.2d at 94–95; *Alejandro*, 493 S.W.2d at 231.

Because Mendoza did not pursue adverse rulings on the majority of his objections and because the remaining objected-to argument was proper, we overrule his second issue.

## VI. CONCLUSION

Having modified the judgment of conviction for indecency with a child-sexual contact in Cause No. 1138470D to correct a clerical error, having sustained Mendoza's first issue and modified the judgments to delete the trial court's cumulation order, and having overruled Mendoza's remaining issue, we affirm the trial court's judgments as modified.

15

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 30, 2010