# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-23-00343-CR
NO. 03-23-00344-CR
NO. 03-23-00345-CR
NO. 03-23-00346-CR
NO. 03-23-00347-CR

---

**Brian Grady Miller, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
NOS. 23-0356-K277, 21-0578-K277, 20-2014-K277, 20-2013-K277, & 20-2012-K277
THE HONORABLE STACEY MATHEWS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Brian Grady Miller pleaded guilty to three counts of sexual assault of a child (trial court cause numbers 20-2012-K277, 20-2013-K277, and 23-0356-K277), one count of violating a protective order (trial court cause number 21-0578-K277), and one count of having an improper relationship with a student (trial court cause number 20-2014-K277). *See* Tex. Penal Code §§ 21.12, 22.011(a)(2), 25.072(e). Following a trial on punishment, the trial court sentenced Miller to twenty years' imprisonment for the sexual-assault and improper-relationship counts and to ten years' imprisonment for the violation-of-a-protective-order count. *See id.* §§ 12.33, .34. As part of the punishments, the trial court entered a cumulation order for the sentences. In three issues on appeal, Miller challenges the propriety of his punishments. We

will reverse the portion of the trial court's judgments pertaining to his punishments and remand the case for a new punishment hearing.

## BACKGROUND

Miller, a high school teacher in his forties, was arrested and charged with offenses stemming from his engaging in sexual activity with D.C., who was younger than seventeen years old and a student at the high school where Miller taught. Following his arrest, Miller was released on bond December 29, 2020, and one of the conditions of his release prohibited him from having contact with D.C. After his release on bond, Miller was charged with violating a condition of his bond by communicating with D.C. and with another count of sexual assault against D.C. In total, Miller was charged with the following five offenses:

Cause numbers 20-2012-K277 and 20-2013-K277: Miller was charged with sexually assaulting D.C. on or around November 2 and December 16, 2020, respectively;

Cause number 20-2014-K277: Miller was charged with having an improper sexual relationship with D.C. on or around December 16, 2020;

Cause number 21-0578-K277: Miller was charged with violating a condition of bond set in a sexual assault case that was related to the safety of a victim or the community by communicating with D.C. on January 18 and February 19, 2021; and

Cause number 23-0356-K277: Miller was charged with sexually assaulting D.C. on or about February 1, 2021.

Miller elected to enter open pleas of guilty to the five charges. During the trial on punishment, the State called as witnesses police officers involved in the investigations, Miller's ex-wife, D.C., D.C.'s therapist, and D.C.'s mother. During his case, Miller called as witnesses

his sister, his daughter, his father, his son, and a forensic psychologist. After considering the evidence, the trial court sentenced Miller as follows:

> I am going to find that you are guilty of the offense in 20-2012-K277, sexual assault of a child. I am going to sentence you to 20 years in prison, giving you credit for 767 days you've already served.
>
> I am going to find you guilty in 20-2013-K277, find you guilty of that offense of sexual assault of a child and sentence you to 20 years in prison and give you 76[7] days that you have already served.
>
> I am going to find you guilty in 20-2014-K277 of the offense of improper relationship between an educator and a student, sentence you to 20 years and give you credit for 767 days you've already served.
>
> I am going to find you guilty [in 21-0578-K277] of violation of a protective order two-plus times . . . within 12 months . . . and I am going to sentence you to 10 years in TDC with credit for 767 days that you've already served.
>
> Finally, in 23-0356-K277, I am going to find you guilty of the offense of sexual assault of a child and sentence you to 20 years in prison with credit for 767 days.
>
> Mr. Miller, had you gotten out on bond and done something different, this would have been a different outcome, but it's not. I am also going to find that the sentence in 23-0356-K277 must be completed before the . . . other sentences go into effect. So, essentially, I'm going to stack one sentence.

Later, in response to a question by one of Miller's attorneys, the following exchange occurred:

> [Miller's attorney]: The last case that you assessed was a sexual assault case?
>
> [Trial Court]: Yes, sir.
>
> . . .
>
> [Miller's attorney]: And then are you saying he has to complete that sentence --
>
> [Trial Court]: I want him to complete -- That one -- And let me tell you why I'm pointing out it should be that one. That's the one that happened after he got out on bond.

3

[Miller's attorney]: Yes, ma'am.

[Trial Court]: I want him to complete that sentence, and then all of his other sentences can start.

After trial, the trial court signed the written judgments of conviction, which specified that the sentences for the conviction for the most recent sexual assault (23-0356-K277) and the convictions for violating a protective order (21-0578-K277) and having an improper relationship with a student (20-2014-K277) will run concurrently and that the sentences for the two remaining sexual assaults (20-2013-K277 and 20-2012-K277) will run concurrently together but will not begin until the sentence for the most recent sexual assault (23-0356-K277) has been completed. Following his sentencing, Miller appealed his convictions.

## DISCUSSION

In three related issues on appeal, Miller asks this Court to remand the case to the trial court to allow the trial court to orally pronounce his sentence again and sign new written judgments of conviction that comport with that pronouncement. First, he contends that a remand is warranted because the trial court erred by orally pronouncing that his punishment for the most recent sexual-assault conviction be served before the sentences for his other four convictions can begin. As support, Miller argues that all five offenses arose out of the same criminal episode, that they were tried as part of the same criminal action, and that, therefore, the sentences must run concurrently unless an exception applies. *See* Tex. Penal Code §§ 3.01-.03. Although Miller acknowledges that one exception to concurrent sentences applies to certain sexual offenses committed against victims who were younger than seventeen years old and concedes that the two stacked sexual-assault convictions fall within that exception, *see id.* § 3.03, he argues that violating a protective order and having an improper relationship with a student do not fall within

4

that or any of the other enumerated exceptions. Accordingly, Miller insists that the trial court abused its discretion by ordering the sentence for the most recent sexual assault (23-0356-K277) be completed before the sentences for all the other convictions may begin.

In his next issue on appeal, Miller argues that the trial court's written judgments of conviction conflict with the trial court's oral pronouncement. In essence, Miller contends that the trial court's oral pronouncement required that his sentence for the most recent sexual assault (23-0356-K277) be completed before the sentences for the other four convictions may begin but that the written judgments state that the sentences for the conviction for the most recent sexual assault and the convictions for violating a protective order and having an improper relationship with a student will run concurrently and that the sentences for the two remaining sexual assaults will run concurrently together but will not begin until the sentence for the most recent sexual assault has been completed. Further, Miller urges that reformation would be improper here because the written judgments "vary from the cumulation order contained in the trial court's oral pronouncement in a substantive manner" rather than a clerical one.

In his final issue, Miller again contends that the trial court's written judgments are improper because they conflict with the sentence imposed in open court. Next, Miller contends that even though there was another hearing on the day following the sentencing hearing in which the trial court signed the written judgments, the terms of the written judgments that differed from the prior pronouncement were not orally pronounced at this later hearing. Based on all his arguments in his three issues, Miller suggests that this Court should remand the cases to the trial court for another punishment hearing.

In its brief, the State agrees that there are discrepancies between the trial court's oral pronouncement and the terms of the written judgments but contends that the judgments may

5

be reformed to correct the errors. Essentially, the State suggests that when orally pronouncing the sentences, the trial court intended for the sentence for the most recent sexual assault (23-0356-K277) to begin *after* Miller completes his sentences for the two earlier sexual assaults (20-2012-K277 and 20-2013-K277) and that the sentences for the two earlier sexual assaults run concurrently with the sentences for violating a bond condition (21-0578-K277) and having an improper relationship (20-2014-K277). In other words, the State contends that the trial court intended for the sentences for the four offenses other than the most recent sexual assault to run concurrently and before the sentence for the most recent sexual assault may begin. Although the State does not agree with Miller's suggestion that the trial court pronounced that the two offenses that are not sexual assaults of a child be stacked, the State does agree with Miller that those offenses were not eligible to be stacked.

As support for its interpretation of the pronouncement, the State highlights that the trial court mentioned in its pronouncement discussing the most recent sexual assault (23-0356-K277) that it was requiring that *one* sentence be stacked, not four. Although the State recognizes that the trial court "could have chosen more clear wording on this point" if that was its intent, the State still suggests that the written judgments should be reformed to show that Miller must first serve concurrent sentences for the two earlier sexual assaults, for his having an improper relationship, and for his violating a protective order and that his sentence for the most recent sexual assault will commence after his sentences for the two earlier sexual assaults had been served. Alternatively, the State suggests that this Court should remand the case to the trial court to allow it to pronounce its sentences again and clarify the terms of those sentences.

Although it is not binding, appellate courts give due consideration to the State's concession of error. *See Van Flowers v. State*, 629 S.W.3d 707, 710 (Tex. App.—Houston

6

[1st Dist.] 2021, no pet.). Regardless of whether a trial was by a jury or a bench trial, the trial court imposes the sentence. *See* Tex. Code Crim. Proc. arts. 37.01 (explaining that verdict is written declaration by jury of its decision), 42.01, § 1 (stating that judgment is written declaration by trial court showing conviction or acquittal of defendant and that sentence will be based on information in judgment), .02 (noting that sentence is part of judgment ordering punishment to be carried into execution). Additionally, with certain statutory exceptions not applicable here, courts must orally pronounce the sentence in the defendant's presence. *See id.* arts. 42.03, § 1(a), .14; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135; *Aguilar v. State*, 202 S.W.3d 840, 842 (Tex. App.—Waco 2006, pet. ref'd). "[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Accordingly, "[w]hen there is a conflict between the oral pronouncement of the sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500.

Appellate courts have the authority to modify a trial court's judgment and affirm it as modified. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (explaining that appellate courts have authority to modify judgments). More specifically, "[a]ppellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). A trial court may enter a judgment nunc pro tunc to correct a discrepancy between the

7

written judgment and the judgment as pronounced in court. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012); *see also* Tex. R. App. P. 23.1 (governing nunc pro tunc proceedings in criminal cases). A judgment nunc pro tunc may only be used by the trial court to correct clerical errors and not errors that are a result of judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). *But see Van Flowers*, 629 S.W.3d at 712 (explaining that appellate court's "authority to modify a trial court's judgment is not restricted to the correction of clerical errors"). "When a trial court corrects its records to reflect the truth of what happened in the court, the court is correcting a clerical error, not a judicial error." *Hall v. State*, 373 S.W.3d 168, 172 (Tex. App.—Fort Worth 2012, pet. ref'd); *see also In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, orig. proceeding) (explaining that "a nunc pro tunc order can only be used to make corrections to ensure that the judgment conforms with what was already determined and not what should have been determined"). Modification is proper when the record supplies "the information necessary to show both that a modification is warranted and the particular modification that is warranted." *Van Flowers*, 629 S.W.3d at 712. If both conditions are not met, an appellate court cannot modify a trial court's judgment and must instead remand for a hearing to allow the trial court to make a new punishment assessment. *Id.* at 712, 715.

As set out above, the trial court's written judgments specify that that the sentence for the most recent sexual assault be served concurrently with the sentences for having an improper relationship and for violating a bond condition and that the sentences for the earlier sexual assaults be served consecutively to the sentence for the most recent sexual assault. However, these sentences are inconsistent with the terms of the trial court's oral pronouncement in that the written judgments group the concurrent and consecutive punishments differently from

8

the grouping made in the trial court's oral pronouncement. As suggested by Miller, portions of the trial court's oral pronouncement indicate that the sentence for the most recent sexual assault would be served before the sentences for the remaining four convictions could begin. As suggested by the State, another portion of the oral pronouncement indicates that the sentence for the most recent sexual assault would be stacked onto the sentences for the other convictions and would not begin until those sentences had been completed. Although the record demonstrates that modifications of the written judgments are warranted, it does not establish what specific modifications need to be made because the trial court provided contradictory directives regarding the sentences.

Moreover, as agreed by both Miller and the State, the two offenses that are not sexual assault of a child cannot be stacked. Although article 42.08 of the Code of Criminal Procedure generally allows trial courts to decide whether to order that punishments run cumulatively or concurrently, *see* Tex. Code Crim. Proc. art. 42.08, that authority "is statutorily limited by Section 3.03" of the Penal Code, *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), *overruled on other grounds by Ex parte Carter*, 521 S.W.3d 344 (Tex. Crim. App. 2017). Subsection 3.03(a) of the Penal Code states that if an accused is convicted of multiple offenses that "arise out of the same criminal episode prosecuted in a single criminal action," then the sentences for each conviction "shall run concurrently" unless one of the exceptions in section 3.03(b) applies. *See* Tex. Penal Code § 3.03(a)-(b). A "criminal episode" is defined as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person," where the multiple offenses are (1) committed pursuant to the same transaction or are connected by common scheme or (2) "repeated commission of the same or similar offenses." *Id.* § 3.01.

9

Although the offenses at issue here were alleged to have occurred on different days over an approximately four-month period, all of the offenses were connected by a common scheme of having an inappropriate sexual relationship with a child or constituted repeated commission of the same or similar offenses. *See Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (concluding that offenses of aggravated sexual assault, sexual assault, and burglary of habitation with intention to commit sexual assault committed against three different victims living in same area near their homes early in morning over eleven month period constituted common scheme or plan or commission of similar offenses); *see also Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi-Edinburg 1995, pet. ref'd) (explaining that definition of "criminal episode" "does not impose a time differential between the commission of the same or similar offenses"). Additionally, the fact that all five offenses were considered in a single punishment hearing means that the multiple offenses were prosecuted in a single criminal action as contemplated by section 3.03. *See Robbins v. State*, 914 S.W.2d 582, 583-84 (Tex. Crim. App. 1996). Accordingly, all five offenses fall under section 3.03, and their sentences must run concurrently unless an exception applies. *See* Tex. Penal Code § 3.03(a). One exception allows convictions for sexual assault of a child arising out of the same criminal episode to run consecutively, but no exception allows offenses for violating a protective order and having an improper relationship with a student to run consecutively to the other punishments. *See id.* § 3.03(a)-(b).

For these reasons, we conclude that modification is not possible here, and we must instead remand the cases to the trial court for a limited punishment hearing to allow the trial court to pronounce Miller's punishments and sign new written judgments comporting with the new pronouncement that establish which punishments for the sexual-assault convictions will run

concurrently with the punishments for violating a protective order and having an improper relationship with a student and which, if any, punishments for the sexual-assault convictions will run consecutively to the other punishments. *See Van Flowers*, 629 S.W.3d at 715.

## CONCLUSION

For the reasons previously given, we reverse the portions of the trial court's judgments setting out his punishments and remand the case to the trial court for a new punishment hearing at which the trial court will orally pronounce its sentences and sign new written judgments comporting with that pronouncement.

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Reversed and Remanded

Filed: February 14, 2024

Do Not Publish